**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **SLM TRANS, INC.,** ) | |
| ) | |
| Debtor, ) | |
| ) | |
| **HAL D. HICKS,** ) | |
| ) | |
| Defendant/Appellant, ) | |
| ) | |
| vs. ) | Case No. 09-cv-0892-MJR |
| ) | |
| **ROBERT T. BRUEGGE, Trustee** ) | |
| **of the Estate of SLM Trans, Inc.,** ) | |
| ) | |
| Plaintiff/Appellee. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

  A. **Introduction and Procedural/Factual Overview**

  On August 28, 2008, SLM Trans, Inc. ("SLM"), filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Illinois (Case No. 08-60477). The case was then converted to a Chapter 7 proceeding on October 7, 2008. On December 5, 2008, Plaintiff/Appellee, Robert T. Bruegge, Trustee of the SLM Estate ("the Trustee"), instituted this action in the Bankruptcy Court for the Southern District of Illinois (Adv. No. 08-06046). The Complaint sought turnover of property and sanctions for alleged violation of the automatic stay in the bankruptcy case.

  Defendant/Appellant Hal Hicks ("Hicks") appeals under 28 U.S.C. § 158(a)(1) from the default judgment entered by the bankruptcy judge on February 9, 2009. The judge awarded

$50,000.00 in actual damages, $5,714.50 in attorneys' fees, $250,000.00 in punitive damages (for a total award of $305,714.50) and ordered Hicks to turn over certain property. The judge also ordered that Hicks would incur a $1,000.00 per day penalty for the first 30 days until the property was turned over to the Trustee and, after 30 days, the daily penalty would increase to $5,000.00.

Hicks's motion to vacate default judgment was denied on September 10, 2009. On September 21, Hicks filed a notice of appeal of the court's order denying the motion to vacate default judgment. The appeal is fully briefed and is set for oral argument on August 30, 2010.

On February 2, 2010, the Trustee moved to strike portions of Hicks's brief and for a finding of waiver of issues on appeal (Doc. 19). The Trustee asserts that the following two issues are waived on appeal: (1) the bankruptcy court erred in awarding $50,000.00 in actual damages and $250,000.00 in punitive damages, which are unsupported by the record; and (2) the bankruptcy court's award of punitive damages was excessive under the Constitution.

The Trustee contends that, in the court below, Hicks made no mention of and did not challenge either the award of actual damages against him or the constitutionality of the award of punitive damages. The Trustee also claims that Hicks's argument regarding the propriety of punitive damages was limited to conclusory statements that a punitive damage award equal to five times actual damages is inappropriate and excessive. As a result, the Trustee submits that Hicks did not properly preserve these issues for consideration on appeal, and they are waived.

Hicks contends that the Trustee's motion to strike must be denied because it is untimely. Hicks also maintains that, regardless of whether actual and punitive damages were raised in the bankruptcy court, the award is unsupported by the record and, consequently, reviewable as an exceptional case. Lastly, according to Hicks, the issue that the punitive damages awarded by the

bankruptcy court are unconstitutionally excessive was raised below, and, even if it were not, the constitutional violation makes this an exceptional case warranting review.

### B.     Analysis

#### 1.     Timeliness

Hicks asserts that the Trustee's motion to strike is untimely. The Trustee responds that no rules prescribe a time limitation for motions to strike appellate briefs.

Because Hicks moved to raise a supplemental issue on appeal, his briefing was not complete until January 8, 2010. The Court granted the Trustee's unopposed motion for an extension of time to February 3 to file his brief. The motion to strike was filed on February 2 and the brief timely filed on February 3.

Hicks offers no authority for his assertion that there is a time limitation for motions to strike appellate briefs and that the Trustee's motion was filed outside the limitations period. Because Hicks had the opportunity to respond to the motion to strike - and did respond - no prejudice arises from the Trustee's filing the motion. Moreover, the Court, in its discretion, finds that the interests of justice and judicial economy are served by consideration of the motion, which may remove from this appeal matter that is immaterial or not properly before this Court. In sum, the Court concludes that the motion to strike is timely filed and will entertain it.

#### 2.     Actual damages award

In Hicks's appeal, he alleges that the bankruptcy court erred in awarding $50,000.00 in actual damages because they are unsupported by the record. The Trustee contends that, in the court below, Hicks made no mention of and did not challenge in any respect the award of actual damages against him. Hicks admits that he did not raise this issue before the bankruptcy court but

urges this Court to review it because this is an exceptional case.

As the Seventh Circuit Court of Appeals has often observed - and as Hicks is aware from previous litigation - arguments not raised in the lower court are waived on appeal. ***Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007) (citing *Belom v. National Futures Ass'n,* 284 F.3d 795, 799 (7th Cir. 2002);*Tully v. Barada,* 599 F.3d 591, 594 (7th Cir. 2010) (citing *Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs. Corp.,* 547 F.3d 882, 889 n. 3 (7th Cir. 2008) ("Arguments not raised before the district court are waived on appeal."))**. Accordingly, Hicks is precluded from raising matters in this Court that he failed to raise in the bankruptcy court.

One of the obvious problems with failing to raise an issue in the lower court is that the court below has no opportunity to consider the matter, and the basis for its decision may remain obscure. Here, Hicks cannot even state with certainty what the basis for the damages award is. He submits, "This case is exceptional and demands flexibility because the Bankruptcy Court's award is based on facts contradicted by the record which indicates that the Bankruptcy Court *probably* based its damages award on Appellee's need to obtain replacement titles for a number of trailers of which the trustee estimated the cost to be $50,000.00." Doc. 22, p. 2 (emphasis added). He later suggests, "the damages award *appears* to have been primarily based on the titles...." *Id*., p. 3 (emphasis added). Hicks cannot state with certainty what the bankruptcy court relied on in making its damages award because he did not raise the issue. This Court can conduct no meaningful review of an issue that is premised on uncertainty.

Hicks's reliance on ***Huntzinger v. Hastings Mut. Ins. Co.*, 143 F.3d 302 (7th Cir. 1998)** is also misplaced. In *Huntzinger,* the Seventh Circuit Court of Appeals noted that "there may exist narrow exceptions to the general rule barring consideration of new arguments on appeal 'where

jurisdictional questions are presented or where, in exceptional cases, justice demands more flexibility,...'" **143 F.3d at 307-08 (quoting** *Stern v. United States Gypsum, Inc.,* **547 F.2d 1329, 1333 (7th Cir. 1977)**.  The exceptions that may exist are narrow, and this case does not fall within them.

The basis for Hicks contending that this issue gives rise to exceptional circumstances is that the bankruptcy court *may* have relied on facts contradicted by the record.  This tenuous argument fails to support a finding that this is an exceptional case where justice demands more flexibility.  To the contrary, Hicks's argument underscores the need for a full development of the record in the lower court.

Further buttressing the Court's conclusion that this is not an exceptional case is Hicks's failure to offer any justification or explanation for his failure to challenge the bankruptcy court's award at any time during the proceedings, which included a motion to vacate the default judgment and a hearing thereon.  He had a full and fair opportunity to dispute the court's ruling and failed to do so.

Stated simply, it is clear that Hicks asks this Court to consider an argument on appeal which was not raised in the bankruptcy court, and, as such, it is waived.

### 3.     Punitive damages award

Hicks contends that the bankruptcy court erred in awarding $250,000.00 in punitive damages because the award is unsupported by the record and is excessive under the Constitution.  The Trustee submits that Hicks did not raise the issue of constitutionality below and that his discussion regarding the propriety of punitive damages was limited to conclusory statements that a punitive damage award equal to five times actual damages is inappropriate and excessive.

The record shows that Hicks raised the issue of punitive damages in the bankruptcy court.  In his motion to vacate default judgment, Hicks argued that the punitive damages award was excessive:

> In the case at bar, punitive damages were assessed against defendant at 2 ½ times that which was sought in the Complaint. Further, the award of punitive damages was in excess of 5 times the actual damages. The court found $50,000.00 in actual damages and in excess of $250,000.00 in punitive damages. Punitive damages, aside from being void, were inappropriate and excessive. Adv. No. 08-06046 (Doc. No. 23 at p. 5).

The undersigned Judge finds that this paragraph is sufficiently specific to raise the issue of the propriety of punitive damages.  It was brought in a context that was well known to the bankruptcy court and all parties.  As such, the issue was preserved for appeal and is not waived.

What the Court does not find is any challenge to the constitutionality of the award.  At no point did Hicks assert that the award was so excessive as to violate the Due Process Clause.  Courts do not infer constitutional disputes as Hicks maintains, nor do they speculate that a reference to a ratio is synonymous with a constitutional challenge.  Stated another way, the word "ratio" is not "magic language" that alerts the court that a constitutional challenge is being raised.

To avoid waiver, issues must not only be raised but also must be developed in the lower court.  "Arguments not raised in district court are waived on appeal, *see Oates v. Discovery Zone,* 116 F.3d 1161, 1168 (7th Cir.1997), as are arguments raised in a conclusory or underdeveloped manner."  **Pond v. Michelin North America, Inc., 183 F.3d 592, 597 (7th Cir. 1999) (citing *Kensington Rock Island Limited Partnership v. American Eagle Partners,* 921 F.2d 122, 124-25 (7th Cir. 1990))**.  Hicks cannot by silence or inference raise, much less develop, a constitutional challenge.

Nor does the Court find this to be an "exceptional case," particularly since, again, Hicks offers no justification for his failure to raise a constitutional challenge to the bankruptcy court's punitive damages award. He had a full and fair opportunity to raise this issue and failed to do so. Accordingly, the issue of the constitutionality of the punitive damages award is waived.

### C. Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Trustee's motion to strike portions of Hicks's brief and for a finding of waiver of issues on appeal (Doc. 19). The motion is **GRANTED** as to the issues of the award of actual damages and the constitutionality of the award of punitive damages. The motion is **DENIED** as to the issue of the propriety of punitive damages.

**IT IS SO ORDERED.**

**DATED this 27th day of May, 2010**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**